UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY BENNETT,

               Plaintiff,

-against-

SUPREME COURT OF THE STATE OF NEW YORK; RENEE A. WHITE, JUDGE RETIRED,

               Defendants.

19-CV-3342 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 28 U.S.C. § 1331, alleging that Defendants violated his constitutional rights. By order dated April 16, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff's complaint is a model of clarity. Plaintiff alleges that his rights were violated on October 11, 2007, and October 12, 2007, during a criminal trial in the New York State Supreme Court, New York County. Plaintiff alleges that all the jury members were white and there was one black alternate juror. He alleges that Defendant Renee A. White, the Judge who presided over the criminal trial, violated his rights by threatening a witness and making the witness lie. He asserts further that Judge White also told a jury member that he must find Plaintiff guilty on all counts. Plaintiff then asserts that after the jury came back with a guilty verdict, Judge White commented that Plaintiff did not do anything wrong, that Plaintiff was innocent, and that Plaintiff had been set up by the Detectives. Plaintiff was incarcerated for 9 years and 10 months.

**DISCUSSION**

**A.      New York State Supreme Court, New York County**

Plaintiff's claims against the New York State Supreme Court, New York County, must be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Because the New York State Supreme Court, New York County, is part of the New York State Unified Court System, *see* N.Y. Const., Art. 6, § 1(a), the Eleventh Amendment bars Plaintiff's claims against the state court from proceeding in federal court. *See Gollomp*, 568 F.3d

at 368 (holding that the New York State Unified Court System "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity").[1] The Court therefore dismisses Plaintiff's claims against this Defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

## B. Judicial Immunity

Plaintiff's claims against Judge Renee A. White, who presided over Plaintiff's state-court proceedings, must also be dismissed. As amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. This amendment generally precludes a plaintiff's claims for injunctive relief against a judge arising from rulings or actions taken in that judge's judicial capacity because the plaintiff can usually appeal that judge's rulings or actions in an appellate court. *See, e.g.*, *Berlin v. Meijias*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017), *appeal dismissed*, No. 17-3589 (2d Cir. May 22, 2018).

Plaintiff's claims against Defendant White arise of out of her rulings and actions while presiding over Plaintiff's state-court criminal proceedings; such rulings and actions were within the scope of Defendant White's judicial capacities and jurisdiction. The Court therefore dismisses Plaintiff's claims against Defendant White under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir.

---

[1] Moreover, a State or state agency is not considered a "person" for purposes of a § 1983 claim. *See Zuckerman v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970); *see generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for purposes of a § 1983 claim).

3

1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**C.     Litigation History and Warning to Plaintiff**

On January 14, 2019, Plaintiff filed an action in this Court alleging that he was falsely arrested on August 30, 2005. On January 25, 2019, Plaintiff filed an action alleging that he was maliciously prosecuted in 2007 for the criminal charges stemming from his August 30, 2005 arrest. In both actions, Plaintiff alleged that he was incarcerated for 9 years and 10 months. By order dated April 12, 2019, these two actions were consolidated and dismissed for failure to state a claim. This Court noted that Plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and that, even if they were not barred by *Heck*, they were time-barred. *See Bennett v. New York City Dist. Atty. Office*, Nos. 19-CV-0876, 19-CV-0403 (CM) (S.D.N.Y. Apr. 12, 2019).

Under Rule 11 of the Federal Rules of Civil Procedure, a plaintiff is obligated to make a good faith investigation of the law before filing an action. *See* Fed. R. Civ. P. 11. Plaintiff is warned that further duplicative or frivolous litigation in this Court regarding his August 30, 2005 arrest and subsequent prosecution will result in an order barring Plaintiff from filing any new civil actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff is warned that further frivolous litigation in this Court will result in an order barring him from filing any new civil actions without prior permission. *See* 28 U.S.C. § 1651.

4

The Clerk of Court is further directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 26, 2019
        New York, New York

                                                COLLEEN McMAHON
                                                Chief United States District Judge